FILED ENTERED
LOGGED RECEIVED

NAM/AGR: USAO2015R00180

APR 2 0 2015

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY
DEPUTY

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. $RWT$ $15cr$ $205$ |
| | * | |
| JEFFREY SEAN NAZARI, | * | (Distribution of Controlled Substance |
| | * | Analogue with Death Resulting, |
| Defendant | * | 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); |
| | * | Possession with Intent to Distribute |
| | * | Controlled Substance Analogue, 21 |
| | * | U.S.C. § 841(a)(1); Possession of |
| | * | Firearm in Furtherance of Drug |
| | * | Trafficking Crime, 18 U.S.C. § 924(c); |
| | * | Felon in Possession of Firearm, 18 |
| | * | U.S.C. § 922(g)(1); Aiding and |
| | * | Abetting, 18 U.S.C. § 2; Forfeiture, 21 |
| | * | U.S.C. § 853, 18 U.S.C. § 924(d), 28 |
| | * | U.S.C. § 2461(c)) |
| | * | |

*******

## INDICTMENT

## COUNT ONE
### (Distribution of Controlled Substance Analogue with Death Resulting)

The Grand Jury for the District of Maryland charges that:

On or about January 4, 2015, in the District of Maryland, the defendant,

### JEFFREY SEAN NAZARI,

did knowingly and intentionally distribute a quantity of a mixture and substance containing a

detectable amount of acetyl fentanyl analogue, a Schedule I controlled substance analogue as

defined in 21 U.S.C. § 802(32), knowing that the substance was intended for human

consumption as provided in 21 U.S.C. § 813, and death resulted from the use of such substance.

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)
18 U.S.C. § 2

## COUNT TWO
### (Possession with Intent to Distribute Controlled Substance Analogue)

The Grand Jury for the District of Maryland further charges that:

On or about January 7, 2015, in the District of Maryland, the defendant,

### JEFFREY SEAN NAZARI,

did knowingly and intentionally possess with intent to distribute a mixture or substance

containing a detectable amount of acetyl fentanyl analogue, a Schedule I controlled substance

analogue as defined in 21 U.S.C. § 802(32), knowing that the substance was intended for human

consumption as provided in 21 U.S.C. § 813.


21 U.S.C. § 841(a)(1)
18 U.S.C. § 2

2

## COUNT THREE
### (Possession of Firearm in Furtherance of Drug Trafficking Crime)

The Grand Jury for the District of Maryland further charges that:

On or about January 7, 2015, in the District of Maryland, the defendant,

### JEFFREY SEAN NAZARI,

did knowingly, intentionally and unlawfully possess a firearm – a Browning Model BDA380,

.380 caliber handgun, bearing serial number 425 PT 06140 – in furtherance of a drug trafficking

crime for which he may be prosecuted in a court of the United States, to wit:  possession with

intent to distribute a mixture or substance containing a detectable amount of acetyl fentanyl

analogue, a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32), as set

forth in Count Two of this Indictment, which is incorporated here.


18 U.S.C. § 924(c)(1)(A)(i)

## COUNT FOUR
**(Felon in Possession of a Firearm)**

The Grand Jury for the District of Maryland further charges that:

On or about January 7, 2015, in the District of Maryland, the defendant,

**JEFFREY SEAN NAZARI,**

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did

knowingly possess a firearm in and affecting commerce, to wit, a Browning Model BDA380,

.380 caliber handgun, bearing serial number 425 PT 06140.


18 U.S.C. § 922(g)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction on Counts One through Four of this Indictment.

### Narcotics Forfeiture

2.      As a result of the offense set forth in Count One and Count Two, the defendant,

### JEFFREY SEAN NAZARI,

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, facilitate the commission of, the offenses.

### Firearm Forfeiture

3.      As a result of the offenses set forth in Count Three and Count Four, the defendant,

### JEFFREY SEAN NAZARI,

shall forfeit to the United States the firearm identified in Count Three and Count Four and involved in those offenses.

### Substitute Assets

4.      If any of the property described above, as a result of any act or omission of the defendant:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

5

      c.     has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p).

21 U.S.C. § 853
18 U.S.C. § 924(d)
28 U.S.C. § 2461(c)

_Rod J. Rosenstein / NAM_
Rod J. Rosenstein
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: April 20, 2015

6